UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN HIRSCH,<br><br>                              Plaintiff,<br><br>         - against -<br><br>FORUM DAILY INC.<br><br>                              Defendant. | Docket No. 1:18-cv-6531<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Steven Hirsch ("Hirsch" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Forum Daily Inc. ("Forum" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act; and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photographs of Kevin and Maria Kirm at the trial of convicted killer Yoselyn Ortega, owned and registered by Hirsch, a New York based professional photographer. Accordingly, Hirsch seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Hirsch is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 280 E. 10th St., Apt. 29, New York, New York 10009.

6. Upon information and belief, Forum is a foreign business corporation duly organized and existing under the laws of the State of Florida, with a place of business 7308 18th Avenue, Brooklyn, New York 11204. Upon information and belief Forum is registered with the New York Department of State Division of Corporations to do business in the State of New York. At all times material, hereto, Forum has owned and operated a website at the URL: http://www.forumdaily.com (the "Website").

## STATEMENT OF FACTS

A. **Background and Plaintiff's Ownership of the Photographs**

7. Hirsch photographed Kevin and Maria Kirm at the trial of convicted killer Yoselyn Ortega (the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

8. Hirsch then licensed the Photographs to the New York Post. On February 4, 2018, The New York Post ran an article that featured one of the Photographs titled *Upper West Side 'killer nanny' headed to trial*. See https://nypost.com/2018/02/04/upper-west-side-killer-nanny-headed-to-trial/. On March 13, 2018, The New York Post ran another article that featured another one of the Photographs titled *Father of kids slain by 'killer nanny' gives heartbreaking*

*testimony.* See URL https://nypost.com/2018/03/13/father-of-kids-slain-by-killer-nanny-gives-heartbreaking-testimony/. Hirsch's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the article is attached hereto as Exhibit B.

9. Hirsch is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs was registered with the United States Copyright Office and was given registration number VA 2-103-137 and titled "Hirsch_Yoselyn Ortega, 2_4_18.jpg.," and "3.13.18, Kevin and Marina Krim leave court, Hirsch.jpg." See Exhibit C.

**B.     Defendant's Infringing Activities**

11. On or about March 13, 2018, Forum ran an article on the Website titled *A father of children killed by a nanny in New York gave a blood-chilling testimony in court.* See URL http://www.forumdaily.com/en/otec-detej-ubityx-nyanej-v-nyu-jorke-dal-v-sude-ledenyashhie-krov-pokazaniya/. The article prominently featured the Photographs. A true and correct copy of the article and screenshots of the Photograph on the article are attached hereto as Exhibit D.

12. Forum did not license the Photographs from Plaintiff for its article, nor did Forum have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Forum infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Forum is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT**
**(17 U.S.C. § 1202)**

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. Upon information and belief, in its article on the Website, Defendant copied the Photographs from the New York Post which contained a gutter credit underneath the Photographs stating, "Steven Hirsch" and placed it on its Website without the gutter credit.

22. Upon information and belief, Forum intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

23. The conduct of Forum violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Forum's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Forum intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs. Forum also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs.

26. As a result of the wrongful conduct of Forum as alleged herein, Plaintiff is entitled to recover from Forum the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Forum because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Forum statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Forum be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Forum be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
November 15, 2018

      LIEBOWITZ LAW FIRM, PLLC

      By: /s/Richard Liebowitz
      Richard Liebowitz
      11 Sunrise Plaza, Suite 305
      Valley Stream, New York 11580
      Tel: (516) 233-1660
      RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Steven Hirsch*